XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
KRISTI GUDOSKI COOK
LISA C. EHRLICH
XIYUN YANG
LEE SHERMAN (SBN 272271)
Deputy Attorneys General
 300 S. Spring St., Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6404
 Fax:  (213) 879-7605
 E-mail:  Lee.Sherman@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>                                  Plaintiff,<br><br>     v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*,<br><br>                                  Defendants. | Case No. 19-cv-6189-WHO<br><br>**STIPULATION RE: DISMISSAL WITHOUT PREJUDICE OF CLAIMS FOR RELIEF 6-11 OF CALIFORNIA'S COMPLAINT**<br><br>Dept:           2<br>Judge:         Honorable William H. Orrick<br>Trial Date:   None Set<br>Action Filed: September 30, 2019 |

WHEREAS, Plaintiff State of California (Plaintiff or California) filed a complaint in this action on September 30, 2019;

WHEREAS, Claims for Relief 6-10 of the complaint challenge Defendants' imposition of a requirement on various U.S. Department of Justice (U.S. DOJ) grants related to "[e]mployment eligibility verification for hiring under the award" providing "[t]he recipient must ensure that, as part of the hiring process for any position within the United States that is or will be funded (in whole or in part) with award funds, the recipient (or any subrecipient) properly verifies the employment eligibility of the individual who is being hired, consistent with the provisions of 8 U.S.C. 1324a(a)(1) and (2)," and comply with certain monitoring and training requirements to the extent necessary related to the condition (The 1324a Requirement);

WHEREAS, Claim 11 of the complaint seeks a declaration that California Labor Code section 1019.2, which limits employers from reverifying an individual's employment eligibility, complies with 8 U.S.C. § 1324a for purposes of the 1324a Requirement that U.S. DOJ imposed on grants to California and its political subdivisions;

WHEREAS, on January 21, 2020, Defendants filed a Notice of Motion and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; Memorandum of Points and Authorities, ECF No. 34, in which Defendants made certain representations about the scope of the 1324a Requirement, including that the 1324a Requirement "is concerned with the *initial* verification of an employee's status, the condition does not require further reverification. Because of this, Cal. Labor Code § 1019.2 is not affected by the Employment Verification Condition." *Id.* at 10 (emphasis in original);

WHEREAS, in entering into this stipulation, Plaintiff relies on the representations made by Defendants regarding the scope of the 1324a Requirement;

WHEREAS, Plaintiff and Defendants have met and conferred in order to resolve the issues in dispute in this case, and in entering into this stipulation, Plaintiff does not make any concession regarding the lawfulness of the 1324a Requirement, and Defendants do not make any concession regarding the lawfulness of California Labor Code section 1019.2;

THEREFORE, the Parties do HEREBY STIPULATE AND AGREE as follows:

1. This stipulation shall remain in effect, except in the case that Defendants give 60 days advance written notice to Plaintiff that Defendants no longer agree to the terms of the stipulation;
2. This stipulation applies only to FY 2019 U.S. DOJ grants issued to the State of California and California political subdivisions;
3. Plaintiff agrees to be subject to the 1324a Requirement imposed on U.S. DOJ grants to the extent it requires that grant recipients conduct an initial verification of the individual who is being hired, as part of the hiring process for any position within the United States that is or will be funded (in whole or in part) with award funds, consistent with the provision of 8 U.S.C. § 1324a(a)(1);
4. The Parties agree that the 1324a Requirement does not require further reverification of an employee's employment eligibility after the initial verification at the time of hiring;
5. Plaintiff's acceptance of the U.S. DOJ grant awards does not constitute acceptance of the language in the 1324a Requirement surrounding § 1324a(a)(2);
6. Defendants agree to not withhold funding, terminate, or claw back U.S. DOJ grant dollars from, or disbar or make ineligible for U.S. DOJ grant funding, any California state entity or any California political subdivision on account of California Labor Code section 1019.2, and after a California jurisdiction or entity accepts its grant award, Defendants agree to process and approve the jurisdiction's requests for grant drawdowns as it would in the ordinary course, and without regard to California Labor Code section 1019.2;
7. On the basis of Defendants' representations in this stipulation, the parties agree that the remaining claims for relief in Plaintiff's Complaint, Claims for Relief 6-11, shall be dismissed without prejudice, and Plaintiff reserves its right to challenge the legality of the 1324a Requirement, and its related training and

monitoring requirements, if Defendants seek to terminate any term of this stipulation;

8. In agreeing to this stipulation, Plaintiff reserves the right to challenge any attempt by Defendants or any other federal agency to impose a condition that is based upon 8 U.S.C. § 1324a, that expands the 1324a Requirement beyond the scope reflected in this stipulation, or that purports to require reverification as a condition of federal grants;

9. All parties will bear their own fees and costs; and

10. This stipulation is contingent upon this Court retaining jurisdiction to enforce the terms of the stipulation.

A proposed order is attached.

Dated: January 31, 2020

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
KRISTI GUDOSKI COOK
LISA C. EHRLICH
XIYUN YANG
Deputy Attorneys General

/s/ Lee I. Sherman

LEE I. SHERMAN
Deputy Attorney General
*Attorneys for Plaintiff
State of California*

Respectfully submitted,

JOSEPH H. HUNT
ASSISTANT ATTORNEY GENERAL

BRIGHAM J. BOWEN
ASSISTANT BRANCH DIRECTOR

/s/ Daniel D. Mauler

DANIEL D. MAULER
VIRGINIA STATE BAR NO. 73190
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
1100 L STREET, NW
WASHINGTON, DC 20001
TEL: (202) 616-0773
FAX: (202) 616-8470
E-MAIL: DAN.MAULER@USDOJ.GOV
*Attorneys for Defendants*

Stipulation re: Dismissal Without Prejudice of Claims for Relief 6-11 of California's Complaint (19-cv-6189-WHO)

**ATTESTATION OF SIGNATURES**

I, Lee I. Sherman, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California that concurrence in the filing of this document has been obtained from each signatory hereto.

*/s/ Lee I. Sherman*

LEE I. SHERMAN
Deputy Attorney General
*Attorney for Plaintiff*
*State of California*

1  XAVIER BECERRA
   Attorney General of California
2  MICHAEL L. NEWMAN
   Senior Assistant Attorney General
3  SARAH E. BELTON
   Supervising Deputy Attorney General
4  KRISTI GUDOSKI COOK
   LISA C. EHRLICH
5  XIYUN YANG
   LEE I. SHERMAN (SBN 272271)
6  Deputy Attorneys General
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013
     Telephone:  (213) 269-6404
8  Fax:  (213) 897-7605
     E-mail:  Lee.Sherman@doj.ca.gov
9  *Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, ex rel, XAVIER BECERRA, in his official capacity as Attorney General of the State of California,**<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*,**<br><br>Defendants. | Case No. 19-cv-6189-WHO<br><br>**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS FOR RELIEF 6-11 OF PLAINTIFF'S COMPLAINT UNDER THE TERMS OF THE STIPULATION**<br><br>Courtroom:  2<br>Judge:         Honorable William H. Orrick<br>Trial Date:   None Set<br>Action Filed:  September 30, 2019 |

Upon consideration of the parties' stipulation submitted on January 31, 2020, and for good cause shown, the Court hereby orders that Claims for Relief 6-11 in Plaintiff's complaint are dismissed without prejudice pursuant to the terms of the Stipulation Re: Dismissal Without Prejudice of Claims for Relief 6-11 of California's Complaint. Those terms are incorporated in this Order and consist of the following:

1. The stipulation shall remain in effect, except in the case that Defendants give 60 days advance written notice to Plaintiff that Defendants no longer agree to the terms of the stipulation.
2. The stipulation applies only to FY 2019 U.S. DOJ grants issued to the State of California and California political subdivisions.
3. Plaintiff agrees to be subject to the 1324a Requirement imposed on U.S. DOJ grants to the extent it requires that grant recipients conduct an initial verification of the individual who is being hired, as part of the hiring process for any position within the United States that is or will be funded (in whole or in part) with award funds, consistent with the provision of 8 U.S.C. § 1324a(a)(1).
4. The Parties agree that the 1324a Requirement does not require further reverification of an employee's employment eligibility after the initial verification at the time of hiring.
5. Plaintiff's acceptance of the U.S. DOJ grant awards does not constitute acceptance of the language in the 1324a Requirement surrounding § 1324a(a)(2).
6. Defendants agree to not withhold funding, terminate, or claw back U.S. DOJ grant dollars from, or disbar or make ineligible for U.S. DOJ grant funding, any California state entity or any California political subdivision on account of California Labor Code section 1019.2, and after a California jurisdiction or entity accepts its grant award, Defendants agree to process and approve the jurisdiction's requests for grant drawdowns as it would in the ordinary course, and without regard to California Labor Code section 1019.2.
7. On the basis of Defendants' representations in this stipulation, the parties agree that the remaining claims for relief in Plaintiff's Complaint, Claims for Relief 6-11, shall

be dismissed without prejudice, and Plaintiff reserves its right to challenge the legality of the 1324a Requirement, and its related training and monitoring requirements, if Defendants seek to terminate any term of this stipulation.

8. In agreeing to this stipulation, Plaintiff reserves the right to challenge any attempt by Defendants or any other federal agency to impose a condition that is based upon 8 U.S.C. § 1324a, that expands the 1324a Requirement beyond the scope reflected in this stipulation, or that purports to require reverification as a condition of federal grants.

9. All parties will bear their own fees and costs.

10. This Court retains jurisdiction to enforce the terms of the stipulation.

**IT IS SO ORDERED**

DATED:   February 3, 2020

Hon. William H. Orrick
United States District Judge