XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
LISA C. EHRLICH
XIYUN YANG
LEE SHERMAN (SBN 272271)
Deputy Attorneys General
 300 S. Spring St., Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6404
 Fax:  (213) 879-7605
 E-mail:  Lee.Sherman@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAM P. BARR, in his official capacity as Attorney General of the United States,** *et al.*,<br><br>Defendants. | Case No. 19-cv-6189-WHO<br><br>**JOINT MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) TO MODIFY ORDER DISMISSING WITHOUT PREJUDICE CLAIMS FOR RELIEF 6-11 OF PLAINTIFF'S COMPLAINT UNDER THE TERMS OF THE MODIFIED STIPULATION**<br><br>Dept:      2<br>Judge:     Honorable William H. Orrick<br>Trial Date:   None Set<br>Action Filed:  September 30, 2019 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 8, at 2:00 pm, or as soon thereafter as it may be heard, Plaintiff State of California and all Defendants hereby jointly move this Court pursuant to F.R.C.P. 60(b)(6) to modify the Court's February 3, 2020 Order.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and any other evidence or argument to be presented at or before the time this Motion is heard.  Plaintiff and Defendants respectfully request this Court to enter an order modifying the Court's February 3, 2020 Order dismissing without prejudice claims for relief 6-11 of Plaintiff's complaint under the terms of the parties' stipulation in order to reflect the parties updated stipulation.  As this is a joint motion, the parties believe the Court may decide the motion without a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff State of California and all Defendants jointly move this Court pursuant to Federal Rule of Civil Procedure 60(b)(6) to modify the Court's February 3, 2020 Order dismissing without prejudice claims for relief 6-11 of Plaintiff's complaint under the terms of the parties' stipulation to reflect the parties' updated stipulation, which covers federal grants issued since the entry of such Order.  Granting this joint motion to modify the Order serves the interests of the parties, the Court, and the public.

## BACKGROUND

Plaintiff State of California (Plaintiff or California) filed a complaint in this action on September 30, 2019.  ECF No. 1.  Claims for Relief 6-10 of the complaint challenged Defendants' imposition of a requirement on various U.S. Department of Justice (U.S. DOJ) grants related to "[e]mployment eligibility verification for hiring under the award" providing "[t]he recipient must ensure that, as part of the hiring process for any position within the United States that is or will be funded (in whole or in part) with award funds, the recipient (or any subrecipient) properly verifies the employment eligibility of the individual who is being hired, consistent with the provisions of 8 U.S.C. 1324a(a)(1) and (2)," and compliance with certain monitoring and training requirements related to the condition (the 1324a Requirement).  Claim 11 of the

1

1    complaint sought a declaration that California Labor Code section 1019.2, which limits

2    employers from reverifying an individual's employment eligibility, complies with 8 U.S.C. §

3    1324a for purposes of the 1324a Requirement that U.S. DOJ imposed on grants to California and

4    its political subdivisions.

5          On January 21, 2020, Defendants filed a Notice of Motion and Motion to Dismiss, or in the

6    Alternative, Motion for Summary Judgment; Memorandum of Points and Authorities, ECF No.

7    34, in which Defendants made certain representations about the scope of the 1324a Requirement,

8    including that since the 1324a Requirement "is concerned with the *initial* verification of an

9    employee's status, the condition does not require further reverification.  Because of this, Cal.

10   Labor Code § 1019.2 is not affected by the Employment Verification Condition."  *Id.* at 10

11   (emphasis in original).  After meeting and conferring, on January 31, 2020, the parties entered a

12   Stipulation Re: Dismissal Without Prejudice of Claims for Relief 6-11 of California's complaint

13   surrounding the imposition of the 1324a Requirement on fiscal year (FY) 2019 grants issued by

14   Defendants, ECF No. 35 (January 31, 2020 stipulation).  On February 3, 2020, this Court entered

15   the Order Dismissing Without Prejudice Claims for Relief 6-11 of Plaintiff's Complaint Under

16   the Terms of the Stipulation, ECF No. 36, which incorporated the terms of the January 31, 2020

17   stipulation entered by the parties and indicated that the Court retains jurisdiction to enforce the

18   terms of the stipulation.

19         Recently, Defendants started to award fiscal year (FY) 2020 federal grants to state and local

20   jurisdictions in California that contain the same 1324a Requirement that was the subject of the

21   January 31, 2020 stipulation surrounding FY 2019 grants.  Plaintiff and Defendants have met and

22   conferred in order to avoid litigation surrounding the imposition of the 1324a Requirement on FY

23   2020 grants.  In the interests of judicial economy, and to serve the interests of both the parties and

24   the public in receiving the grant funds, including an emergency grant that is targeted at the current

25   pandemic, the parties agreed to modify the existing stipulation to cover the FY 2020 grants as

26   well.  The parties have prepared a joint modified stipulation and a modified proposed order

27   dismissing the claims that incorporates the parties' updated agreement to apply the terms of the

28

1   stipulation to FY 2020 grants as well as FY 2019 grants.  These documents are filed concurrently

2   with this motion.

3   ## **DISCUSSION**

4       Federal Rule of Civil Procedure 60(b)(6) is "a grand reservoir of equitable power that

5   allows courts to grant relief from a final judgment for 'any' reason that 'justifies relief.'"  *Henson*

6   *v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 439-440 (9th Cir. 2019).  A voluntary dismissal

7   qualifies as a "judgment, order, or proceeding from which Rule 60(b) relief can be granted."  *Kalt*

8   *v. Hunter (In re Hunter)*, 66 F.3d 1002, 1004 (9th Cir. 1995).  The purpose of Rule 60(b) is to

9   balance the principle of finality of a judgment with the court's interest in seeing that justice is

10  done in light of all of the facts.  *Henson*, 943 F.3d at 443.  "[T]he rule is remedial in nature and

11  thus must be liberally applied."  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir.

12  2002).

13      Courts consider a range of factors in determining whether a motion pursuant to Rule

14  60(b)(6) is proper, including: whether a situation is covered by the preceding reasons set forth in

15  the rule, the motion's timeliness, whether the circumstances warrant extraordinary relief, and

16  whether a modification upsets either party's reliance interest in the finality of the case.  *Henson*,

17  943 F.3d at 443-45 (discussing factors to guide discretion but not setting out a "rigid or

18  exhaustive checklist").  Modification of the joint stipulation and corresponding order pursuant to

19  Rule 60(b)(6) is proper here because relief is not covered by any of the other reasons set forth in

20  Rule 60.  Fed. R. Civ. Proc. 60(b)(1)-(5) (grounds of mistake, newly discovered evidence, fraud,

21  judgment is void, and judgment is satisfied); *Henson*, 943 F.3d at 443 ("[C]lause (6) should be

22  liberally applied to situations not covered by the preceding five clauses . . . .").

23      In addition, the parties jointly bring this motion within a reasonable time of the issuance of

24  the new grants including the 1324a Requirement.  The parties began working on a modified

25  stipulation immediately after the first release of FY 2020 USDOJ grants that included the 1324a

26  Requirement, only several weeks ago, and this joint motion is brought within only four months

27  since the entry of the initial order and judgment.  *Shaughnessy v. U.S. Dist. Court Southern Dist.*

28  *of California*, 995 F.2d 232, 232 (9th Cir. 1993) (over two-year delay not reasonable).

3

1   The issuance of FY 2020 grants that include the identical 1324a Requirement previously

2   challenged, and the parties' subsequent agreement to modify their stipulation to cover the FY

3   2020 1324a Requirement, justifies relief.  *Cf. Keeling v. Sheet Metal Workers Int'l. Ass'n, Local*

4   *Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (need to undo settlement agreement that terminated

5   litigation pending before a court due to new facts constitutes extraordinary circumstances).

6   Additionally, granting the motion will not upset either party's reliance interest in the finality of

7   the case.  *Henson*, 943 F.3d at 450.  The modified agreement between the parties does not change

8   the substance of the parties' previous agreement, the past, executed effects of the judgment, nor

9   alter the rights and responsibilities under the judgment in a way that undermines the purposes of

10  finality. *Id.* at 450-51 (courts should consider impact of finality when the judgment has caused a

11  party "to change his legal position in reliance on that judgment such that granting the motion for

12  relief would undo the past, executed effects of the judgment," but when this is not the case,

13  granting relief is proper) (internal quotation marks omitted).  Such an order here serves the

14  interests of the parties, the Court, and justice as it allows the State to receive critical funding

15  while making unnecessary further litigation between the parties, and without upsetting the

16  substance of the previous settlement and court order.

17  **CONCLUSION**

18  For the reasons stated above, the parties jointly request that the Court grant this motion to

19  modify the judgment, enter the parties' modified stipulation, and enter the modified order

20  dismissing without prejudice claims for relief 6-11 of Plaintiff's complaint under the terms of the

21  modified stipulation.

22

23

24

25

26

27

28

1

2
Dated:  June 3, 2020                                      Respectfully submitted,

3
XAVIER BECERRA                                           JOSEPH H. HUNT
Attorney General of California                           ASSISTANT ATTORNEY GENERAL
MICHAEL L. NEWMAN

4
Senior Assistant Attorney General
SARAH E. BELTON                                          BRIGHAM J. BOWEN

5
Supervising Deputy Attorney General                      ASSISTANT BRANCH DIRECTOR
LISA C. EHRLICH

6
XIYUN YANG                                               /s/ Joseph J. DeMott
Deputy Attorneys General                                 JOSEPH J. DEMOTT

7
                                                         TRIAL ATTORNEY
/s/ Lee I. Sherman                                       UNITED STATES DEPARTMENT OF JUSTICE

8
                                                         CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
LEE I. SHERMAN                                           1100 L STREET, NW

9
Deputy Attorney General                                  WASHINGTON, DC 20001
Attorneys for Plaintiff

10
State of California                                      TEL: (202) 514-3367
                                                         FAX: (202) 616-8470

11
                                                         E-MAIL: JOSEPH.DEMOTT@USDOJ.GOV

12
                                                         Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Fed. R. Civ. P. 60(b) Mot. to Modify Order Dismissing Without Prejudice Claims for Relief 6-11 of
California's Complaint (19-cv-6189-WHO)

1

**ATTESTATION OF SIGNATURES**

2
      I, Lee I. Sherman, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern

3
District of California that concurrence in the filing of this document has been obtained from each

4
signatory hereto.

5

6
                                              */s/ Lee I. Sherman*

7
                                              LEE I. SHERMAN
                                              Deputy Attorney General

8
                                              *Attorney for Plaintiff*
                                              *State of California*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6